UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>CHRISTOPHER DAVIS | No. 3:10-cr-99 (SRU) |

**ORDER**

In July 2010, Christopher Davis pled guilty pursuant to a plea agreement to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a). *See* Plea Agreement, Doc. No. 53; Min. Entry, Doc. No. 17. In November 2010, I sentenced Davis to 151 months' imprisonment, which was at the bottom of the Guidelines range. *See* Min. Entry, Doc. No. 54; Judgment, Doc. No. 55 (entered on November 19, 2010). Davis, who is currently housed at FCI Schuylkill, is scheduled to be released from custody on December 18, 2020. *See* FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited July 7, 2020). Davis is scheduled to be released to a halfway house on July 22, 2020, which is just about two weeks from now. *See* Mot. for Release, Doc. No. 75, at 1. On June 24, 2020, a letter from Davis (dated April 20) was filed on the docket in which Davis asked to be released to a halfway house because of the dangers of the COVID-19 pandemic. *See* Letter, Doc. No. 74. On July 7, Davis's lawyer filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. for Release, Doc. No. 75. The government does not object to Davis's motion. *See* Mem. in Supp. of Mot. for Release ("Mem. in Supp."), Doc. No. 75-1, at 1 & n.1.[1]

---

[1] The government, however, "requests that Mr. Davis be subject to home confinement for the period of time that he would have been at the Chase Center," which is the halfway house where Davis would have lived between July 22, 2020 and December 18, 2020. *See* Mem. in Supp., Doc. No. 75-1, at n.1.

Accordingly, for the reasons set forth in the memorandum in support of Davis's motion, I **grant** Davis's motion and reduce his sentence to time served. He shall be immediately released from Bureau of Prisons ("BOP") custody, and he shall immediately begin serving his three-year term of supervised release.

## I. Discussion

Davis moves for release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, section 3582(c)(1)(A) authorizes a court to modify terms of imprisonment as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Therefore, Davis is entitled to relief if he has (1) fully exhausted his administrative remedies, (2) can demonstrate that "extraordinary and compelling reasons" warrant a reduction in sentence, (3) that reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (4) the section 3553(a) factors support such a reduction.

### A. Exhaustion

Davis, though his lawyer, submitted a request for a reduction in sentence to the BOP on May 14, 2020. *See* Request, Ex. C to Mem. in Supp., Doc. No. 75-3. That request was denied on June 11, 2020. *See* Denial of Request, Ex. D to Mem. in Supp., Doc. No. 75-4. Thus, it

appears that Davis has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A).

B. Extraordinary and Compelling Reasons

Davis has demonstrated that "extraordinary and compelling reasons" warrant a reduction in his sentence. Since the outbreak of the COVID-19 pandemic, numerous courts within this Circuit have held that a defendant's health conditions, in combination with the increased risks of COVID-19 in prisons, constitute "extraordinary and compelling reasons" warranting relief. *See, e.g.*, *United States v. Colvin*, 2020 WL 1613943, at *3–4 (D. Conn. Apr. 2, 2020).

As set forth in his motion, Davis suffers from poor health, including significant obesity and concomitant prediabetes, that other courts have recognized rise to the level of extraordinary and compelling circumstances. *See* Mem. in Supp., Doc. No. 75-1, at 13–15 (citing cases). Further, as I have noted, due to the nature of their confinement, inmates are unable to properly safeguard against infection by social distancing. Therefore, I conclude that Davis's medical condition and current conditions of confinement constitute extraordinary and compelling reasons to reduce his sentence.

C. Applicable Policy Statement

The applicable "policy statement[] issued by the Sentencing Commission" is contained in U.S.S.G. § 1B1.13, which reads, in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)
>     (A) Extraordinary and compelling reasons warrant the reduction;

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3146(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

As I have explained elsewhere, nearly all district courts hold that—since the First Step Act's passage—section 1B1.13 is not binding but is, rather, helpful guidance. *See United States v. Almontes*, 2020 WL 1812713, at *3 (D. Conn. Apr. 9, 2020) (collecting cases); *United States v. Locke*, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (collecting more cases). I agree with the vast majority of district courts: I can consider whether reasons other than the inmate's medical condition, age, and family circumstances amount to an extraordinary and compelling reason to reduce that inmate's sentence. For the reasons already identified, extraordinary and compelling reasons do warrant a reduction in Davis's sentence.

D. Section 3553(a) Factors

Reducing Davis's sentence to the time he has already served is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Most importantly, Davis has already served nearly the full term of his incarceration. On July 22, he will be released to a halfway house. The time he has already served has sufficiently reflected the seriousness of his offense and provided specific and general deterrence. Further, Davis has demonstrated a desire to lead a productive life outside of prison by obtaining his GED, maintaining prison employment, and completing various drug treatment programs. *See* Mem. in

Supp., Doc. No. 75-1, at 18–19.  And Davis has a strong release plan that will make him even less likely to recidivate.  *See id.*

## II.     Conclusion

For the foregoing reasons, I **grant** Davis's motion for a reduction in sentence, doc. no. 75.  I reduce Davis's sentence to time served, and he shall be immediately released from BOP custody.  Upon release, Davis shall commence serving his three-year term of supervised release consistent with the conditions that I have already imposed.  *See* Judgment, Doc. No. 55.  Davis must contact the United States Probation Office as soon as possible, but in no event later than 72 hours after his release.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 8th day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge